UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LA QUINTA FRANCHISING LLC,
a Nevada Limited Liability Company,

*Plaintiff,*

v.

SSRP INVESTMENTS, LLC, a Louisiana
Limited Liability Company; and RAJESH
PATEL, an individual,

*Defendants.*

Civil Action No. 23-23192

ORDER

**THIS MATTER** comes before the Court by way of Plaintiff La Quinta Franchising LLC's ("Plaintiff" or "LQF") Motion for Default Judgment against Defendants SSRP Investments, LLC ("SSRP" or "SSRP Investments") and Rajesh Patel ("Patel," and together with SSRP Investments, "Defendants") pursuant to Federal Rule of Civil Procedure 55(b), ECF No. 10 (the "Motion");

and it appearing that on September 27, 2019, "LQF and SSRP Investments entered into [a] franchise agreement for the transfer of an existing 140-room La Quinta® guest lodging facility located at 2100 N.E. Evangeline Thruway, Lafayette, Louisiana 70501, [the "Franchise Agreement"] designated as Site No. LQF 52892-15965-02 (the 'Facility')"; see ECF No. 1 (the "Complaint") at ¶ 8 & Ex. A (the "Franchise Agreement");

and it appearing that LQF and SSRP Investments simultaneously entered into a SynXis Subscription Agreement (the "SynXis Agreement,") "which govern[s] SSRP Investments'[] access to and use of certain computer programs, applications, features, and services, as well as any and all modifications, corrections, updates, and enhancements to same," id. ¶ 9;

and it appearing that pursuant to sections 1, 5, and 18.1 of the Franchise Agreement, SSRP Investments "was obligated to operate the Facility as a 'La Quinta® Inn & Suites' or a 'La Quinta® by Wyndham' guest lodging facility through May 30, 2038," id. ¶ 10;

and it appearing that pursuant to section 7 and Schedule C of the Franchise Agreement, section 5 of the SynXis Agreement, and certain ancillary agreements, SSRP Investments was required to make certain periodic payments to LQF for royalties, system assessment fees, taxes, interest, SynXis fees, and other fees (collectively, "Recurring Fees") during the term of the Franchise Agreement, id. ¶ 11;

and it appearing that "[p]ursuant to section 7.3 of the Franchise Agreement, SSRP Investments agreed that interest is payable 'on any past due amount payable to [LQF] under this [Franchise] Agreement at the rate of 1.5% per month or the maximum rate permitted by applicable law, whichever is less, accruing from the due date until the amount is paid,'" id. ¶ 12;

and it appearing that pursuant to sections 12.1 and 18.3 of the Franchise Agreement, SSRP Investments agreed that, "in the event of a premature termination of the Franchise Agreement, SSRP Investments would pay liquidated damages to LQF in accordance with the formula specified in the Franchise Agreement," id. ¶ 16;

and it appearing that pursuant to section 17.4 of the Franchise Agreement, SSRP Investments agreed to "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this [Franchise] Agreement or collect amounts owed under this [Franchise] Agreement." id. ¶ 17;

and it appearing that "effective as of the date of the Franchise Agreement and to induce LQF to enter into the Franchise Agreement, Patel executed the Guaranty of SSRP Investments'[] obligations under the Franchise Agreement [the "Guaranty"]," id. ¶ 18 & Ex. B;

2

and it appearing that pursuant to the Guaranty, Patel agreed, <u>inter alia</u>, that upon a default under the Franchise Agreement, he would "immediately make each payment and perform or cause [SSRP Investments] to perform, each unpaid or unperformed obligation of [SSRP Investments] under the [Franchise] Agreement," <u>id.</u> ¶ 19 & Ex. B;

and it appearing that LQF alleges that on October 20, 2023, Patel advised LQF on SSRP Investments' behalf that he was terminating his affiliation with the Facility "effective immediately," <u>id.</u> ¶ 21 & Ex. C;

and it appearing that by letter dated November 7, 2023, LQF acknowledged SSRP Investments' termination of the Franchise Agreement effective October 20, 2023, and demanded, <u>inter alia</u>, "that SSRP Investments pay outstanding Recurring Fees and liquidated damages due to LQF under the Franchise Agreement," <u>id</u>. ¶ 22 & Ex. D;

and it appearing that on December 18, 2023, LQF commenced the present action against SSRP Investments and Patel, asserting claims for breach of the Franchise Agreement and Guaranty and seeking Liquidated Damages, outstanding Recurring Fees, and prejudgment interest, <u>see generally</u> <u>id.</u> ¶¶ 27–33, 38–41, 46–49;[1]

and it appearing that Defendants have not appeared, answered, moved, or otherwise responded to the Complaint, <u>see generally</u> Docket;

---

[1] Plaintiff pleads three additional counts in the Complaint that the Court does not discuss in this Order. First, Plaintiff seeks an accounting of SSRP Investments' financial information pursuant to sections 3.6 and 4.7 of the Franchise Agreement to confirm amounts due and owing to Plaintiff based on calculations that rely on certain Gross Room Revenues. <u>See</u> Compl. ¶¶ 23–26. Second—as an alternative to its Liquidated Damages claims—Plaintiff alleges that by virtue of the premature termination of the Franchise Agreement, LQF sustained a loss of future revenue over the remainder of the term of the Franchise Agreement. <u>Id.</u> ¶¶ 34–37. Third—as an alternative to its breach of contract claims—Plaintiff alleges that SSRP Investments' failure to pay Recurring Fees due and owing under the Franchise Agreement constitutes unjust enrichment. <u>Id.</u> ¶¶ 42–25. The Court does not address any of these counts directly as Plaintiff seeks only Liquidated Damages, prejudgment interest, and outstanding Recurring Fees owed to it as a result of Defendants' breaches of the Franchise Agreement and Guaranty in the instant Motion.

and it appearing that on May 9, 2024, LQF filed a request for a Clerk's entry of default

pursuant to Federal Rule of Civil Procedure 55(a), which was granted on May 15, 2024, ECF No. 6

& September 10, 2024 Docket Entry;

and it appearing that on September 26, 2024, LQF filed the instant Motion pursuant to

Federal Rule of Civil Procedure 55(b), see generally Mot.;

and it appearing that LQF's Motion requests $501,643.15, inclusive of outstanding

Recurring Fees, Liquidated Damages, and prejudgment interest, see ECF No. 10.1 at 9;

and it appearing that as Defendants have not responded to the pending Motion, the Court

deems LQF's Motion unopposed; see generally Docket;

and therefore, "[D]efendants are deemed to have admitted the factual allegations of the

Complaint by virtue of their default, except those factual allegations related to the amount of

damages," Doe v. Simone, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2023);

and it appearing that the Court may enter default judgment only against properly served

defendants, see Fed. R. Civ. P. 55(b); E.A. Sween Co., Inc. v. Deli Express of Tenafly, LLC, 19

F. Supp. 3d 560, 567 (D.N.J. 2014);

and it appearing that on January 11, 2024, Patel was served in accordance with Federal

Rule of Civil Procedure 4 and New Jersey Court Rule 4:4-44[2], see ECF Nos. 3, 4;

and it appearing that on January 23, 2024, SSRP Investments was served in accordance

with Federal Rule of Civil Procedure 4; see Fed. R. Civ. P. 4(e);[3]

---

[2] Federal Rule of Civil Procedure 4(e) provides for certain methods to properly effect service, such as "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1), (2)(A)-(B). Here, Plaintiff's Affidavit of Service for Rajesh Patel recounts that Plaintiff, through a process server, served Patel on January 11, 2024, by "delivering a copy of the summons and of the complaint to the individual personally." See ECF No. 4.

[3] Federal Rule of Civil Procedure 4(h) provides that service upon incorporated associations within a judicial district of the United States shall be effectuated in one of two ways. First, it can be effectuated by "[personally] delivering a

and it appearing that LQF properly effectuating service on Defendants established a deadline of February 1, 2024, for Patel, and February 13, 2024, for SSRP Investments, to appear, answer, move, or otherwise respond to LQF's Complaint, <u>see</u> Fed. R. Civ. P. 12(a)(1)(A)(i);

and it appearing that Federal Rule of Civil Procedure 55(b) authorizes a court to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading, <u>see</u> Fed. R. Civ. P. 55(b); <u>see also</u> <u>Allaham v. Naddaf</u>, 635 F. App'x 32, 36 (3d Cir. 2015) ("The entry of default judgment is not a matter of right, but rather a matter of discretion.");

and it appearing that before entering default judgment pursuant to Rule 55(b), the Court must ensure that (1) it has subject matter jurisdiction over the matter and personal jurisdiction over the parties, (2) the parties have properly been served, (3) the complaint sufficiently pleads a cause of action, and (4) the plaintiff has proved damages, <u>Days Inn Worldwide, Inc. v. Tulsipooja Hosp., LLC</u>, No. 15-5576, 2016 WL 2605989, at *2 (D.N.J. May 6, 2016);

and it appearing that the Court has subject matter jurisdiction because LQF is a Nevada limited liability company with its principal place of business in New Jersey, and its various nesting member holding companies are Delaware limited liability companies with their principal places of business in New Jersey, <u>see</u> Compl. ¶ 1; Defendant SSRP Investments is a Louisiana limited liability company with its principal place of business in Louisiana, <u>id.</u> ¶ 2; Defendant Patel is a citizen of Louisiana, <u>id.</u> ¶ 3; and the amount in controversy exceeds \$75,000[4]; thus the Court has diversity jurisdiction, <u>see</u> 28 U.S.C. § 1332; <u>see also</u> <u>Schneller ex rel. Schneller v. Crozer Chester</u>

---

copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(b). In addition to personal service upon an officer or agent, Rule 4(h)(1)(A) also allows a party to serve an incorporated association by effectuating service in a manner prescribed by Rule 4(e)(1) for serving an individual. <u>See</u> <u>supra</u> note 2. Furthermore, the New Jersey Court Rules allow for a limited liability company to be served through "an officer or managing agent." N.J. Ct. R. 4:4-4(a)(5). Here, the Court finds that Plaintiff properly served the Summons and Complaint upon Snehal Patel, a registered agent for service of process at the address for SSRP Investments. <u>See</u> ECF No. 5.

[4] Plaintiff seeks damages in the amount of \$501,643.15.

Med. Ctr., 387 F. App'x 289, 292 (3d Cir. 2010) ("[T]he party asserting jurisdiction must show that there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000.");

and it appearing that the Court has personal jurisdiction over Defendant SSRP Investments because SSRP Investments consented to jurisdiction in this District through section 17.6.3 of the Franchise Agreement, see Compl. ¶ 5, Ex. A at § 17.6.3; M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972) (holding that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances"); see also In re Diaz Contracting, Inc., 817 F.2d 1047, 1052 (3d Cir. 1987) (declaring the Bremen holding to be in accord with New Jersey law);

and it appearing that the Court has personal jurisdiction over Defendant Patel because he consented to jurisdiction in this district by signing the Guaranty, pursuant to which he acknowledged that he was personally bound by section 17 of the Franchise Agreement, see Compl. ¶ 6 & Ex. B; see also Days Inn Worldwide, Inc. v. T.J. LLC, No. 16-8193, 2017 WL 935443, at *2 (D.N.J. Mar. 9, 2017) ("Personal jurisdiction can be waived through a contractual forum selection clause."); Shelter Sys. Grps. Corp. v. Lanni Builders, Inc., 622 A.2d 1345, 1346-47 (N.J. Super. Ct. App. Div. 1993) (holding that where a party executes a guaranty for a contract in which a forum selection clause exists, that party is also subject to the terms of the forum selection clause);

and it appearing that venue is proper in the District of New Jersey because SSRP Investments consented to venue in this district through section 17.6.3 of the Franchise Agreement, see Compl. ¶ 5, Ex. A at § 17.6.3; and Defendant Patel consented to venue in this district by signing

the Guaranty, pursuant to which he acknowledged that he was personally bound by section 17 of the Franchise Agreement, see Compl. ¶ 6 & Ex. B;

and it appearing that service and notice to Defendants was proper, see ECF Nos. 4, 5; see also ECF No. 10.1 at 4–5;

and it appearing that to "state a claim for breach of contract, [plaintiff] must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations," Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007);

and it appearing that the Complaint states a claim for breach of contract by alleging that: (1) SSRP Investments entered into a valid Franchise Agreement with LQF; (2) Patel provided LQF with a valid Guaranty of SSRP Investments obligations under the Franchise Agreement; (3) Patel breached those obligations when he terminated the Franchise Agreement on October 20, 2023, and LQF acknowledged Defendants' termination by letter dated November 7, 2023; (4) LQF suffered damages because of SSRP Investments breach, specifically its failure to pay outstanding Recurring Fees; (5) Patel was obligated to pay outstanding Recurring Fees to LQF under the Guaranty; and (6) Patel breached the Guaranty by failing to pay outstanding Recurring Fees, see Compl. ¶¶ 8–22 & Ex. C, D; see also ECF No. 10.1 at 5–6;

and it appearing that the Court must consider: (1) whether the party subject to default has a litigable defense; (2) the prejudice suffered by the party seeking default if default is denied; and (3) whether defendant's delay is due to culpable conduct, Allaham, 635 F. App'x at 36;

and it appearing that as to a litigable defense, the Court finds that Defendants cannot claim a litigable defense based on the facts in the record, considering LQF has provided ample evidence

that Defendants entered and breached the unambiguous terms of the Franchise Agreement and Guaranty, see Compl. ¶¶ 8–22;

and it appearing that LQF has been prejudiced by Defendants' failure to defend this lawsuit because "Defendants' breaches have caused LQF to incur additional costs and LQF has suffered delay in receiving relief," ECF No. 10.1 at 6;

and it appearing that as for culpability, the Court finds that Defendants' failure to answer evinces culpability and that "there is nothing before the Court to show that the [Defendants'] failure to file an answer was not willfully negligent," Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc., No. 11-624, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011); see also Prudential Ins. Co. of Am. v. Taylor, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) (finding that when there is nothing before the court to suggest anything other than the defendant's willful negligence caused the defendant's failure to file an answer, the defendant's conduct is culpable and warrants default judgment);

and it appearing that the Court is satisfied that LQF has demonstrated damages for outstanding Recurring Fees from Defendants in the amount of $96,583.75 through the Mallet Declaration and the detailed itemized statement contained therein, see ECF No. 10.4 ("Mallet Decl.") at ¶ 14 & Ex.F.;[5]

and it appearing that LQF seeks Liquidated Damages from SSRP Investments in the amount of $350,000.00 calculated pursuant to section 12.1 of the Franchise Agreement which sets

---

[5] The Court finds that Plaintiff's damages figure for outstanding Recurring Fees and prejudgment interest as it relates to the outstanding Recurring Fees is further supported by the mutually agreed upon formulas set forth in section 7 and Schedule C of the Franchise Agreement, as well as section 5 of the SynXis Agreement, see Compl. ¶¶ 11–12 & Ex. A. at § 7 & Schedule C; see also Mallet Decl. ¶¶ 8–10. Indeed, other Courts in this District have entered default judgment and awarded damages in similar cases based on similar factual support. See generally Days Inns Worldwide, Inc. v. 5 Star, Inc., No. 09-1009, 2012 WL 1232340, at *1, 5–6 (D.N.J. Apr. 11, 2012) (awarding $123,580.82 for "recurring fees" defined as "royalties, service assessments, taxes, interest, reservation system user fees, annual conference fees, and other fees.").

a "floor" for Liquidated Damages, providing that they "will not be less than the product of $2,500 multiplied by the number of authorized guest rooms." Thus, that floor is $350,000.00 because the Facility had 140 authorized guest rooms—i.e., 140 multiplied by $2,500 equals $350,000.00, see Ex. A at § 12.1, Schedule B;

and it appearing that LQF further seeks prejudgment interest on Liquidated Damages in the contractually agreed upon amount of 1.5% per month (18% per annum) in accordance with Section 7.3 of the Franchise Agreement, see Mallet Decl. at ¶ 9, Ex. A at § 7.3;

and it appearing that based on the Liquidated Damages amount of $350,000, LQF seeks interest in the amount of $55,059.40, calculated by the product of $350,000.00 and 0.18, which equals $63,000.00 per annum, divided by 365, which equals $172.60 per day, multiplied by 319 (the number of days between December 7, 2023, the thirty-day deadline following LQF's Acknowledgement of Termination, and October 21, 2024, the date of LQF's Motion for Default Judgment), for a total of $405,059.00, see ECF No. 10.1 at 9, Compl. ¶¶ 12, 16, Ex. A at §§ 7.3, 18.3;

and it appearing that the Court is satisfied that LQF has demonstrated damages for outstanding Recurring Fees, Liquidated Damages, and prejudgment interest in the total amount of $501,643.15, see ECF No. 10.1 at 9.

**IT IS** on this 22nd day of April, 2025;

**ORDERED** that LQF's Motion for Default Judgment, ECF No. 10, is **GRANTED**; and it is further

9

**ORDERED** that judgment is hereby entered against Defendants SSRP Investments and

Patel in the amount of $501,643.15 for outstanding Recurring Fees, Liquidated Damages, and

prejudgment interest.

s/ Madeline Cox Arleo
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**